**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RAFAEL PILETA MONTANO,

Petitioner,

v. No. 1:26-cv-03592-KG-JMR

TORRENCE COUNTY DETENTION *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Rafael Pileta Montano's Petition for a Writ of Habeas Corpus, Doc.1, and Respondents' Response, Doc. 4. For the reasons below, the Court denies the Petition.

Petitioner, a native and citizen of Cuba, entered the United States in approximately 2016. Doc. 4-2 at 1. He received lawful permanent resident status in May 2019. *Id.* Petitioner subsequently left the United States. He applied for and received parole into the United States on November 1, 2021 in the Dallas Fort Worth International Airport. Doc. 4-1 at 2; Doc. 4-2 at 1. On December 7, 2023, Petitioner was convicted of aggravated sexual assault of a child in the District Court of Ector County, Texas. Doc. 1 at 10; Doc. 4-1. He was sentenced to ten years community supervision. Doc. 1 at 10; Doc. 4-1 at 2.

On June 5, 2024, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear charging him as inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) due to his conviction of a crime involving moral turpitude. Doc. 4-2 at 1. On June 26, 2024, an immigration judge ("IJ") ordered that Petitioner be removed to Cuba. Doc. 4-3. Petitioner appealed the removal order to the Board of Immigration Appeals. Doc. 4 at 2. He was released under an order of supervision in July 2024. Doc. 1 at 6, 11-14. On August 6, 2026, Petitioner was taken into custody pursuant to the outstanding removal order during an ICE appointment. Doc. 1 at 6; Doc. 4 at 2. On

November 4, 2026, the BIA granted Petitioner's motion to withdraw his appeal. The June 26, 2024 removal order therefore became administratively final on that date. Doc. 4 at 2; Doc. 4-4.

Petitioner seeks immediate release, or in the alternative an individualized custody hearing before a neutral decision-maker. Doc. 1 at 7. Respondents oppose the Petition on the grounds that Petitioner's detention is Response

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under 8 U.S.C. § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(c). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized[.]" *Zadvydas*, 533 U.S. at 699. A six-month detention period is presumptively reasonable. *Id.* at 700–01. After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen. *Id*. at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as 'the reasonably foreseeable future' . . . shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally

release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1013 (D. Nev. 2025); *Douglas v. Baker*, 812 F. Supp. 3d 525, 532–33 (D. Md. 2025).

Applying these principles, Petitioner's detention remains lawful under § 1231. Petitioner's removal order became administratively final on November 4, 2026, when he withdrew his appeal. Doc. 4-4 at 2. The removal period was therefore initiated as of November 4, 2026. *See* 8 C.F.R. § 1003.4 (withdrawal of appeal reinstates the immigration judge's decision as final to the same extent as if no appeal had been taken); § 1241.1(b) (order becomes administratively final "[u]pon waiver of appeal by the respondent"). Since that date, Petitioner has been detained for sixteen days. Accordingly, he is within the statutory 90-day removal period in which detention is mandatory pursuant to § 1231(a)(2). His detention likewise remains within the six-month period that *Zadvydas* recognized as presumptively reasonable. 533 U.S. at 701.

The Petition for a Writ of Habeas Corpus, Doc. 1, is therefore denied without prejudice. Petitioner may file a new habeas petition if he remains detained beyond the six-month period.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.